UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
RYAN KEITH RANDOLPH,

                    Plaintiff,

        -against-

NEW YORK STATE,

                    Defendant.
―――――――――――――――――――――――――――――

21-CV-10959 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently incarcerated in Fishkill Correctional Facility, brings this action *pro se*. Plaintiff also requests to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Randolph v. Clinton Dannemora Corr. Fac.*, ECF 1:12-CV-2354, 5 (S.D.N.Y. July 11, 2012). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

       Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that from 1983 to the present, Defendants violated his constitutional rights while he was incarcerated at Auburn, Fishkill, Clinton, and Elmira Correctional Facilities by forcing him to eat food in

―――――――――
[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

violation of his religious beliefs, causing his soul to be tormented by unclean spirits and causing him to develop diabetes.[1] On November 5, 2021, Plaintiff brought an action in this Court raising similar claims, and by order dated November 10, 2021, the Court dismissed the action without prejudice under the PLRA's "three-strikes" rule. *See Randolph v. New York State*, ECF 1:21-CV-9243, 4 (S.D.N.Y. Nov. 10, 2021) Plaintiff also raised similar claims in 2018. By order dated August 1, 2018, the Honorable Colleen McMahon, in her capacity as Chief Judge, noted that Plaintiff is barred from filing any new action IFP while a prisoner unless he is under imminent danger of serious physical injury, but transferred the action to the United States District Court for the Northern District of New York, for a determination of whether Plaintiff was under imminent danger of serious physical injury. *See Randolph v. New York State Dep't of Corr.*, ECF 1:18-CV-6181, 4 (S.D.N.Y. Aug. 1, 2018). By order dated October 1, 2018, the Honorable Thomas J. McAvoy of the United States District Court for the Northern District of New York determined that Plaintiff was not entitled to the imminent danger exception, and the Court granted Plaintiff 30 days to pay the filing fees. *See Randolph v. New York State Dep't of Corr.*, ECF 9:18-CV-0934, 8 (N.D.N.Y. Aug. 21, 2018).[2] Plaintiff is therefore barred from filing this action IFP.

---

[1] Fishkill Correctional Facility, where Plaintiff is currently incarcerated, which is located in Beacon, New York, is located in this District. Elmira Correctional Facility is located in Elmira (Chemung County), New York, which falls within the Western District of New York. Auburn Correctional Facility, which is located in Auburn (Cayuga County), New York, and Clinton Correctional Facility, which is located in Dannemora (Clinton County), New York, both fall within the Northern District of New York.

[2] The Northern District of New York dismissed the action because Plaintiff subsequently requested to withdraw the action to pursue his claims in the Albany Court of Claims. *See id.* at 19.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 22, 2021
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff may commence a new action in the appropriate district court by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).